

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

GARRETT G.B. ROBB,                                                    No. 08-11-00236-CV

§

Appellant,                                      Appeal from

§

v.                                                          327th District Court

§

HORIZON COMMUNITIES                                      of El Paso County, Texas
IMPROVEMENT ASSOCIATION, INC.,          §

(TC # 2010-3453)

Appellee.                        §

**O P I N I O N**

Garrett G.B. Robb, *pro se*, appeals from a default judgment entered in favor of Horizon

Communities Improvement Association (HCIA). We vacate the default judgment and remand

the cause to the trial court for further proceedings.

**FACTUAL SUMMARY**

HCIA, a property owners association for Horizon View Estates, filed suit on

September 8, 2010 against Kathleen Robb and Garrett G.B. Robb for failure to pay a share of the

expenses for the administration, upkeep, maintenance, and repair of the common area of the

subdivision.[1] The petition alleged that the Robbs had failed to pay $3,135.91 in assessments and

HCIA had recorded a lien upon the property for the amount due. HCIA sought to recover the

---

[1] HCIA filed suit against numerous property owners. This appeal only concerns the suit against Robb.

amount of the unpaid assessments plus interest, establishment and foreclosure of the assessment lien and order of sale, statutory damages for the violation of the restrictive covenants in the amount of $200 for each day of the violation,[2] and attorney's fees.[3] HCIA filed a motion for service by publication based on an allegation that it had been unsuccessful in its efforts to serve the Robbs. The motion is supported by the affidavit of HCIA's president, William Eggleston, who stated the following:

> Plaintiff is attempting to collect delinquent assessments owed by Defendants of real property within the Horizon Communities Improvement Association. The Plaintiff has lost contact with the majority of the Defendants subject to this lawsuit. Therefore, Plaintiff was unable to keep records on the Defendant's current addresses over the years. I do not know of the location of the Defendants subject to the Motion for Service of Publication and neither do any of the representatives or employees of the Horizon Communities Improvement Association. There currently exist no other way for us to locate the whereabouts of the Defendants subject to the Motion for Service of Publication as no contact has occurred between Plaintiff and the Defendants for many years.

HCIA attached to the motion a certificate that the last known address of Garrett and Kathleen Robb is P.O. Box 93, Pocono Pines, Pennsylvania. Finally, the motion is supported by an affidavit of attempted delivery by Joel Payan, an employee of Rasberry & Associates, Inc., detailing his efforts to serve each of the Robbs with citation. Each affidavit alleges, in relevant part, that:

> I have not been able to deliver to Defendant, personally, a copy of said Plaintiff's Original Petition and Application to Foreclose Lien. Below are the times and dates I have tried to deliver to the Defendant.
>
> 10-6-2010: 5:00 p.m. First attempt to deliver to defendant Garret [sic] G.B. Robb[4] at P. O. Box 93, Pocono Pines, Pennsylvania 18350, I mailed citation and

---

[2] TEX.PROP.CODE ANN. § 202.004(c)(West 2007)("A court may assess civil damages for the violation of a restrictive covenant in an amount not to exceed $200 for each day of the violation.").

[3] TEX.PROP.CODE ANN. § 5.006 (West 2004)(providing for recovery of attorney's fees in breach of restrictive covenant action).

[4] The affidavit regarding the attempt to serve Kathleen Robb is identical except it states her name as the defendant.

- 2 -

plaintiff's original petition and application to foreclose lien on October 6, 2010 to Krayer Detective Agency, Inc. so that they can serve Garret G.B. Robb but the package was returned to me undelivered. I called Krayer Detective Agency, Inc. and spoke with Sam and he informed me that since the address was a P.O. Box they could not attempt so they just sent it back to us. The record does not contain any other evidence regarding the efforts HCIA made to locate the Robbs. The trial court granted HCIA's motion for service by publication.

On June 21, 2011, the trial court conducted a default judgment hearing. Counsel for HCIA informed the court that the citation was published in "the El Paso, Inc." and he referenced an affidavit regarding service by publication which he tendered to the trial court during the hearing. At the conclusion of the hearing, counsel told the trial court that he would file the affidavit regarding service by publication and the affidavit regarding attorney's fees. The attorney's fees affidavit and the publisher's affidavit have been included in the clerk's record.[5] The trial court entered a default judgment on June 21, 2011 and awarded HCIA the sum of $17,416.36 for the Robbs' failure to pay the assessments, ordered foreclosure of HCIA's lien against the real property, and ordered a sheriff's sale. The judgment also awarded conditional attorney's fees in the event of an appeal to the court of appeals and the Texas Supreme Court.

The district clerk sent separate notices of the default judgment to each of the Robbs at their last known address. On July 20, 2011, Mr. Robb filed a written response to the default judgment in the trial court. That response included copies of demand letters dated June 21, 2010, April 20, 2011, and May 23, 2011 from counsel for HCIA to the Robbs. Those letters were sent to the Robbs at P.O. Box 93, Pocono Pines, Pennsylvania, by certified mail, return receipt requested. Mr. Robb also included a copy of email correspondence dated May 15, 2011 with counsel for HCIA in which he referenced the three letters sent by counsel to the Robbs. On that same date, Mr. Robb filed a *pro se* letter with the Eighth Court of Appeals stating his intent to

---

[5] The publisher's affidavit was not included in the clerk's record but it was included in a supplemental clerk's record.

appeal the default judgment entered against him and Ms. Robb. We construed the letter as a timely notice of appeal and forwarded the letter to the district clerk in accordance with TEX.R.APP.P. 25.1(a)("If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice."). The appeal was initially filed with both of the Robbs shown as appellants, but we subsequently granted HCIA's motion to dismiss Ms. Robb's appeal because she had not perfected her appeal by signing the original notice of appeal with Mr. Robb or filing her own notice of appeal. *See Kathleen Robb and Garrett G.B. Robb*, No. 08-11-00236-CV, 2012 WL 3838117 (Tex.App.--El Paso September 5, 2012, no pet.).

## EXHIBITS ATTACHED TO ROBB'S BRIEF

Before addressing the merits of any of the issues raised by Mr. Robb, we must address HCIA's complaint that Mr. Robb has improperly attached documents as exhibits to his brief which are not part of the appellate record. It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex.App.--El Paso 2012, no pet.)(holding that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, cannot be considered on appellate review); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.)(refusing to consider appellant's affidavit attached to brief because it was not part of the appellate record); *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex.App.--Houston [14th Dist.] 2005, pet. denied)("we cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed"); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex.App.--El Paso 1995, no

writ)(holding that appellate court may not consider matters outside appellate record). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX.R.APP.P. 34.1. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Fox*, 234 S.W.3d at 33; *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.--Houston [14th Dist.] 2002, no pet.); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.--Dallas 1987, no writ). Accordingly, we will not consider any documents attached to Robb's brief which are not part of the appellate record.

### NO-ANSWER DEFAULT JUDGMENT

We begin by addressing Issue Two in which Mr. Robb contends that the default judgment must be set aside because he was not properly served in strict compliance with the Rules of Civil Procedure governing service of process, including Rules 106 and 107. He cites *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) and *Fellows v. Adams*, No. 01-06-00924-CV, 2007 WL 3038090 (Tex.App.--Houston [1st Dist.] Oct. 18, 2007, no pet.) in support of his argument. Mr. Robb also asserts that HCIA's counsel knew the Robbs could be served by certified mail based on their receipt of the demand letters, but intentionally chose to serve citation by publication in order to deprive them of notice.

### *Adequacy of Robb's Brief*

HCIA does not address the merits of these complaints and instead responds that the issue is waived due to briefing inadequacy. More specifically, HCIA complains that Robb has not identified issues or presented issues sufficient for the Court to review as required by TEX.R.APP.P. 38.1(f) and has failed to provide citations to the appellate record.

HCIA is correct that *pro se* litigants must be held to the same standards as attorneys. When a party appears *pro se*, he is held to the same standards as a licensed attorney and must comply with all applicable laws and rules of procedure. *Serrano v. Francis Properties I, Ltd.*, --- S.W.3d ----, 2013 WL 4472701 (Aug. 21, 2013, no pet. h.); *Viasana v. Ward County*, 296 S.W.3d 652, 654 (Tex.App.--El Paso 2009, no pet.); *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.--El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). If *pro se* litigants were not required to comply with applicable rules of procedure, they would be given an unfair advantage over parties represented by counsel. *Viasana*, 296 S.W.3d at 654. When reviewing a brief, whether filed by counsel or by *pro se* parties, we are required to construe it reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Further, substantial compliance with the rules is sufficient. *See* TEX.R.APP.P. 38.9.

Rule 38.1(f) of the Texas Rules of Appellate Procedure provides that: "The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included." TEX.R.APP.P. 38.1(f). Issue Two clearly challenges the default judgment on the ground that "we were not served in strict compliance with the rules governing service of process." We find that the issue is stated concisely as required by Rule 38.1(f).

Rule 38.1(i) requires a party to include references to the record and citations to authority. TEX.R.APP.P. 38.1(i). While Robb has not provided record references in his brief, the Court has been able to readily locate the petition, motion for substituted service, order granting the motion for substituted service, and the default judgment. Further, the default judgment hearing consists of only six pages. Robb supports his argument with citation to relevant case law authority and

the rules of civil procedure. Under the circumstances, we find that the brief substantially complies with Rule 38.1(i) and we will review the merits of Issue Two.

*Validity of Service by Publication*

Personal jurisdiction, a vital component of a valid judgment, is dependent "upon citation issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012), *quoting Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If service is invalid, it cannot establish the trial court's jurisdiction over a party. *In re E.R.*, 385 S.W.3d at 563. Defective service may be raised for the first time on appeal. *See Wilson*, 800 S.W.2d at 837. A default judgment is improper against a defendant who has not been served in strict compliance with the rules governing service of process even if he has actual knowledge of the lawsuit. *Primate Construction*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836. There are no presumptions of valid issuance, service, or return of citation when examining a default judgment. *Primate Construction*, 884 S.W.2d at 152. Jurisdiction over the defendant must affirmatively appear by a showing of due service of process, independent of recitals in the default judgment. *Barker CATV Construction, Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex.App.--Houston [1st Dist.] 1999, no writ).

Rule 106(a) provides that unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto. TEX.R.CIV.P. 106(a). If the plaintiff establishes he has been unsuccessful in his attempts to personally serve the defendant under Rule 106(a)(1) or (a)(2), the trial court may grant the

plaintiff's motion to serve citation by publication. *See* TEX.R.CIV.P. 106(b). Rule 109 imposes a duty on the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service. TEX.R.CIV.P. 109.

Citation by publication is a form of substituted service that, through a small notice published in the classified section of a local newspaper, is meant to apprise a defendant that his rights are at stake. *In re E.R.*, 385 S.W.3d at 558. The Supreme Court stated in *E.R.* that: "One thing is clear: service by publication should be a last resort, not an expedient replacement for personal service." *Id.*, at 561. "If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *Id.*, at 564, *quoting Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142, 147 (1951). A diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality. *In re E.R.*, 385 S.W.3d at 565.

The trial court did not inquire at the default judgment hearing into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice. Further, there is no evidence in the record supporting a finding that HCIA exercised reasonable diligence to effect personal service or that it made a diligent search to find Mr. Robb. HCIA sought to serve citation by publication on nineteen of the defendants to the suit. Mr. Eggleston's affidavit relates generally to all of those defendants and he averred that HCIA has lost contact "with the majority of the Defendants subject to this lawsuit," it did not have the defendants' current addresses, and neither he nor any employees or representatives of HCIA knew of their locations. He concluded by stating that there was no way

to locate the whereabouts of these nineteen defendants. Counsel for HCIA had a post office box address for Mr. Robb and sent a demand letter to him by certified mail in June 2010, yet HCIA's service agent, Rasberry and Associates, chose to attempt personal service under Rule 106(a)(1). The detective agency hired to personally serve Mr. Robb made no effort to locate him and simply returned the citation to Rasberry unserved. The record does not show that HCIA made any other efforts to find a physical address for Mr. Robb in order to personally serve him under Rule 106(a)(1) and it did not attempt to personally serve him under Rule 106(a)(2) by sending the citation to him by certified or registered mail. Because the evidence falls short of establishing that HCIA exercised reasonable diligence to personally serve Mr. Robb, we conclude that service of citation by publication is invalid, and therefore, the trial court did not obtain jurisdiction over Mr. Robb. Issue Two is sustained. It is therefore unnecessary to address Issues One and Three. We vacate the default judgment and remand the cause to the trial court for further proceedings.

September 25, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.