**Opinion filed September 17, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00260-CV

_____

## LLYNDA SPENCER LOVEJOY, Appellant

## V.

## CHARLES RANDALL MCWILLIAMS, Appellee

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. DV1712218**

## M E M O R A N D U M   O P I N I O N

This appeal involves a divorce between Charles Randall McWilliams and Llynda Spencer Lovejoy. The trial court issued a final decree of divorce in which it, among other things, divided the parties' property. Lovejoy now appeals pro se. In this appeal, Lovejoy asserts that she was denied a jury trial and that the trial court erred in its division of the marital estate. We affirm.

Appellant presents four issues on appeal. In her first issue, she contends that she was denied a jury trial. Under the provisions of Rule 216(a) of the Texas Rules

of Civil Procedure, a civil litigant who wants to have her case heard by a jury must file a written request for a jury trial with the clerk of the trial court within a reasonable time before the date of trial. TEX. R. CIV. P. 216(a). The clerk's record contains nothing to show that Appellant requested a jury trial. Further, on appeal, Appellant does not claim that she requested that a jury hear this case. Under this record, Appellant waived her right to trial by jury. *See In re S.D.H.*, No.11-05-00079-CV, 2006 WL 1172302, at *2 (Tex. App.—Eastland May 4, 2006, no pet.) (mem. op.) (in the absence of a timely jury request, trial court did not err when it proceeded to hear the case). We overrule Appellant's first issue on appeal.

We will discuss Appellant's second, third, and fourth issues on appeal together. In those issues, Appellant contends that the trial court's findings are not supported by sufficient evidence, that the trial court erred in its calculation of the marital estate, and that the trial court erred in the division of the marital property.

Because these claims are evidence-related claims by nature, we cannot properly address them in the absence of a reporter's record. But Appellant has not provided this court with a reporter's record from the proceedings below. On December 31, 2018, the court reporter filed a status report requesting an extension to file the reporter's record. The court reporter informed this court that Appellant had not submitted a request for the preparation of the record. On January 15, 2019, Appellant notified this court in writing that no reporter's record was required in this case. Instead, Appellant attached several documents to her correspondence with this court.

"The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. Because the attachments that Appellant provided us are not part of the appellate record, we cannot consider them. *See, e.g.*, *Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.).

Appellant's failure to provide a record prevents us from granting relief on Issues Two, Three, and Four. No findings of fact or conclusions of law were filed in this case. When no findings of fact and conclusions of law are filed, we must presume that the trial court made all necessary findings to support its judgment; we view the findings as implied. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Smith v. Hennington*, 249 S.W.3d 600, 602 (Tex. App.—Eastland 2008, pet. denied). Further, in the absence of a reporter's record, we must assume that the evidence supports those findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998). Those presumptions compel this court to hold that the trial court's decision was correct. We overrule Appellant's second, third, and fourth issues on appeal.

In view of our holding, we need not discuss Appellant's failure, even under a generous construction, to comply with appellate briefing rules. *See* TEX. R. APP. P. 38.1, 38.9.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE

September 17, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.