

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00020-CV

———————————————

EX PARTE D.K.

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-E-16934-20

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

Appellant D.K., appearing pro se, appeals—for the second time—from the trial court's expunction order. In her first appeal, Appellant argued that the trial court abused its discretion by denying her a hearing and by granting only a partial expunction because the expunction order drafted by the State omitted two respondents—the Federal Bureau of Investigation and Local News Only.[1] There, we affirmed in part, reversed in part, and remanded the case to the trial court for the sole purpose of holding a hearing to determine whether Local News Only qualifies as an agency that should be added to the expunction order.[2] On remand, the trial court held a hearing as instructed and found that "Local New[s] Only is not an agency or entity that should be added to the expunction order in this case." Appellant now appeals the trial court's additional finding.[3] We will affirm.

---

[1]*See generally Ex parte D.K.*, No. 02-20-00304-CV, 2021 WL 3205057 (Tex. App.—Fort Worth, July 29, 2021, no pet.) (mem. op.).

[2]*Id.* at *5.

[3]In her brief, Appellant does not set forth a list of numbered issues, and she appears to attempt to rehash certain issues—such as the omission of the FBI from the expunction order's list of respondents—that were already addressed in her previous appeal. To the extent Appellant's brief raises any issues that were already addressed in her prior appeal, we consider our previous opinion to be the law of the case and decline to revisit those matters. *See Estate of Tillotson*, 647 S.W.3d 447, 454–55 (Tex. App.—Texarkana 2022, pet. denied).

## II. Background

In 2017, Appellant was arrested in Grapevine and charged with criminal trespass. Appellant's charge was quashed or dismissed because she completed a statutory pretrial intervention program. *See* Tex. Gov't Code Ann. §§ 76.001(4), 76.011.

In 2020, Appellant filed a petition for expunction of her criminal records, which she later amended to include a list of law enforcement agencies and public entities that she had reason to believe had files or records related to her arrest and that were subject to expunction. Among the agencies and entities that she listed, Appellant included the FBI and Local News Only. In September 2020, the trial court entered an order granting the expunction, but the list of respondents included in the order contained neither the FBI nor Local News Only.

Appellant appealed from the expunction order, arguing that the trial court abused its discretion by denying her a hearing and by omitting the FBI and Local News Only from the list of respondents.[4] On appeal, we held that the trial court did not err in omitting the FBI from the list of respondents, but we remanded the case to the trial court to determine whether Local News Only qualifies as an agency that should be added to the expunction order.[5]

---

[4]*Ex parte D.K.*, 2021 WL 3205057, at *1.

[5]*Id.* at *3–5.

On remand, the trial court held a hearing as instructed and entered a written finding that "Local New[s] Only is not an agency or entity that should be added to the expunction order in this case." This second appeal followed.

### III. Discussion

On appeal, Appellant contends that the trial court erred by finding that Local News Only is not an agency that should be added to the expunction order.[6] In response, the State of Texas asserts that the trial court's finding should be affirmed because Appellant has failed to provide a reporter's record or to file a brief complying with the Texas Rules of Appellate Procedure and because the trial court complied with this court's previous remand order.

**A. Did Appellant waive all potential issues through inadequate briefing?**

A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Hughes v. Armadillo Prop. for Lina Roberts*, No. 03-15-00698-CV, 2016 WL 5349380, at *2 (Tex. App.—Austin Sep. 20, 2016, no pet.) (mem. op.); *Robb v. Horizon Comm. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 590 (Tex. App.—El Paso 2013, no pet.). Were this not the case, pro se litigants would be given an unfair advantage over parties represented by counsel. *Hughes*, 2016 WL 5349380, at *2; *Robb*, 417 S.W.3d at 590.

---

[6]As previously noted, Appellant did not include a list of numbered issues in her brief. *See supra* note 3.

Among the rules of procedure with which a litigant—even one acting pro se—must comply are those setting forth the requirements for appellate briefs. *See* Tex. R. App. P. 38.1–38.3. Of particular relevance here, an appellant's brief must, among other things, "state concisely all issues or points presented for review," contain a statement of pertinent facts "supported by record references," "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," and, in a civil case, include an appendix. Tex. R. App. P. 38.1(f), (g), (i), (k).

Appellant's brief is defective in many respects. It does not concisely—or clearly—state the issues presented for review. It contains no record references[7] or appendix and cites no relevant case law. Based on these briefing deficiencies, we hold that Appellant waived any potential appellate issues. *See* Tex. R. App. P. 38.1; *see also McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing); *Hughes*, 2016 WL 5349380, at *2 (same).

---

[7]In her brief, Appellant states that "[t]he Judicial district Court does not have record references. Therefore, plaintiff is unable to state facts with records of references as it is stated on Rule 38.1 of Texas Appellate procedure. Plaintiff is only provided with copies of the documents with filing dates numbers." Appellant's meaning is unclear as the clerk's record filed with the court included page numbers clearly visible in the bottom righthand corner. In any event, Appellant, despite acting pro se, was required to provide citations to the record to support her factual statements and arguments, and the onus was on her to ensure that such citations were included in her brief. *See* Tex. R. App. P. 38.1(g), (i); *Hughes*, 2016 WL 5349380, at *2; *Robb*, 417 S.W.3d at 590.

5

## B. Is Appellant's issue reviewable without a reporter's record?

Even if we were to set aside Appellant's briefing defects, we must still overrule Appellant's sole issue because it is not reviewable without a reporter's record. *See Brown v. State*, 632 S.W.3d 75, 80 (Tex. App.—El Paso 2020, no pet.).

Under the rules of appellate procedure, if the clerk's record has been filed, but the court reporter has not filed a reporter's record because the appellant failed to either request or pay for it, an appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—decide those issues that do not require a reporter's record for a decision. Tex. R. App. P. 37.3(c); *Bailey v. Bobay*, No. 02-15-00247-CV, 2016 WL 7010924, at *1 (Tex. App.—Fort Worth Dec. 1, 2016, no pet.) (mem. op.); *Caldwell v. Goodfellow Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at *1 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (mem. op.). In this case, while the clerk's record has been filed, no reporter's record has been filed, and Appellant has been given notice and a reasonable opportunity to cure.[8] Accordingly, we will address

---

[8]On March 21, 2022, after the court reporter responsible for preparing the reporter's record in this appeal informed the court that Appellant had not made arrangements to pay for the reporter's record, we sent a letter to Appellant advising her that unless she provided proof of payment by March 31, 2022, we may consider and decide those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Because Appellant failed to provide proof of payment by the deadline, we sent her another letter dated April 5, 2022, notifying her that "[b]ecause Appellant(s) failed to pay or make arrangements to pay for the reporter's record, the court will consider and decide those issues or points that do not require a reporter's record for a decision." *Id.* Based on our correspondence with Appellant, we hold that she was given sufficient notice of the record deficiency and a reasonable opportunity to cure. *See id.*; *In the Interest of M.D.G.*, 527 S.W.3d 299, 303–04 (Tex. App.—El Paso

only those issues not requiring the reporter's record. *See Caldwell*, 2012 WL 5476848, at \*1 (citing *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 599–600 (Tex. 1994)).

The sole issue[9] raised in Appellant's brief is whether the trial court erred in finding that Local News Only is not an agency that should be added to the expunction order. Yet, in the absence of a reporter's record, we must presume that the hearing was properly conducted and that the trial court was presented with sufficient evidence to make its finding. *See Hong Yan Li v. Daylong*, No. 03-14-00664-CV, 2016 WL 232130, at \*2 (Tex. App.—Austin Jan. 13, 2016, no pet.) (mem. op.) ("[Appellant] failed to cause a reporter's record of the dismissal and sanctions proceeding to be filed. We must therefore presume that the proceeding was properly conducted and that the trial court was presented with sufficient evidence to make all necessary findings."); *Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at \*2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.) ("Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its discretion. We therefore assume the underlying proceeding was properly conducted and that sufficient

---

2017, no pet.) (holding that appellant was given adequate notice of no reporter's record and a reasonable opportunity to cure where the court notified appellant that his appeal would be submitted on the clerk's record alone if he did not request the reporter's record and make arrangements to pay for it).

[9] *See supra* notes 3, 6.

evidence supported the trial court's decision." (footnote and citations omitted)); *see also Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 352 (Tex. App.—Austin 2002, pet. denied) ("Because [appellant] failed to file a complete reporter's record or agreed statement of the facts, his factual and legal sufficiency challenges must fail.").

Assuming, as we must, that that the trial court was presented with sufficient evidence to make its finding that Local News Only is not an agency that should be added to the expunction order, we overrule Appellant's sole issue.

## IV. Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's expunction order.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 27, 2022

8