**Opinion issued November 10, 2022**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-21-00699-CV

———————————

**HONG SHENG ZHU, Appellant**

**V.**

**XIN WEI ZHANG, Appellee**

---

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 19-DCV-265034**

---

## MEMORANDUM OPINION

Appellant Hong Sheng Zhu appeals from the trial court's Final Decree of Divorce. In a single issue, Appellant argues the trial court abused its discretion in dividing his and his spouse's community estate. We affirm.

**Background**

Appellee Xin Wei Zhang ("Appellee") filed an Original Petition for Divorce seeking to divorce Appellant Hong Sheng Zhu ("Zhu"). Zhu filed a counterpetition for divorce, seeking a "disproportionate share of the parties' estate," among other things. Both parties were represented by counsel in the divorce proceedings.

Appellee and Zhu participated in mediation, but could not reach a settlement. The case proceeded to trial. Following trial, the trial court entered a Final Decree of Divorce dividing the parties' community estate and setting forth child support obligations, among other things. Zhu filed a Motion for New Trial asserting he was not given access to a Mandarin Chinese interpreter. He further argued that the trial court abused its discretion in making the property division and calculating child support, "newly discovered" evidence of Zhu's unemployment should have been admitted at trial, and Zhu's attorney was not prepared for trial because he was attempting to withdraw. The trial court denied the motion.

Zhu filed a pro se Notice of Appeal, asserting he did "not have [a] fair trial" because his lawyer "want[ed] to quit his duty and did not get any financial documents" from Appellee or her attorney. Zhu stated that as a result, he "did not prepare any proposal."

**Briefing Waiver**

The final judgment from which Zhu appeals is the Final Divorce Decree. He appears to challenge the trial court's division of the parties' community estate. In his summary of the argument, Zhu states that the trial was "unfair," that it was based "on one side [of the] story only," and that his lawyer "lied to the court and betrayed" him. Zhu states that the judge "tried best to be fair" but had "incomplete" information from both sides. He concludes by stating he "only want[s] to be trea[ted] fair and 50 % of our asset[s]. No more[,] no less."[1] Zhu provides nothing further to clarify his position, to explain what specific ruling he challenges, or to establish how the trial court abused its discretion.

Zhu filed his appellate brief pro se. Although we liberally construe pro se briefs, we require pro se litigants to comply with all applicable laws and procedural rules. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating pro se litigants are not exempt from rules of procedure and that "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating pro se litigants must comply with rules of

---

[1] Zhu does not complain of the trial court's ruling regarding custody, child support, or visitation rights.

procedure so as not to "benefit from an unfair advantage over those parties who are represented by counsel") (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)); *see also In re N.E.B.*, 251 S.W.3d 211, 211 (Tex. App.—Dallas 2008, no pet.) (stating appellate courts should construe pro se briefs liberally).

The Texas Rules of Appellate Procedure require an appellant's brief to contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i). When an appellate issue lacks citation to the record or legal authority and is not supported by argument, nothing is presented for review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal); *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding appellant waived issue because his brief had no citations to relevant or analogous authorities or to appellate record for that issue); *Walker v. Eubanks*, ___ S.W.3d ____, No. 01-21-00643-CV, 2022 WL 3722404, at *4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet. h.) (holding issue waived for review because appellant's brief lacked "substantive argument, record references, or relevant citation to legal authority" with respect to that issue).

Appellate courts are not responsible "for identifying possible trial court error, searching the record for facts favorable to [the appellant's] position, or conducting

4

legal research to support [the appellant's] contentions." *Walker*, ___ S.W.3d ____, 2022 WL 3722404, at *4 (citing *Fredonia State Bank*, 881 S.W.2d at 283–84; *Canton-Carter*, 271 S.W.3d at 931; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.)). Were they to do so, courts would be abandoning their role as neutral adjudicators and taking on the role of advocate for the appellant. *Walker*, ___ S.W.3d ____, 2022 WL 3722404, at *4 (citing *Valadez*, 238 S.W.3d at 845); *see also Canton-Carter*, 271 S.W.3d at 931 ("It would be inappropriate for this court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal. To do so would force this court to stray from our role as a neutral adjudicator and become an advocate for appellant.") (citing *Valadez*, 238 S.W.3d at 845).

In his brief, Zhu does not provide a clear and concise argument as to why the trial court's Final Decree of Divorce should be reversed. *See Awad v. Rasmussen-Awad*, No. 14-02-01142-CV, 2004 WL 744234, at *5 (Tex. App.—Houston [14th Dist.] Apr. 8, 2004, no pet.) (mem. op.) (holding appellant waived appellate issues relating to trial court's characterization of property as community property where brief lacked legal authority to support his argument other than general definitions of separate property, only evidence for review was deeds at issue, and appellant did not discuss contrary testimony given at trial); *see also Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet.

5

denied) (stating Rule 38's briefing requirement is not satisfied "by merely uttering brief conclusory statements, unsupported by legal citations"). Although he appears to be challenging the trial court's division of community property, Zhu does not identify the standard of review, apply the standard to this case, or cite to any relevant legal authority.[2] *See Canton-Carter*, 271 S.W.3d at 931 ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint."). Nor does Zhu cite to the clerk's record or reporter's record in his brief. The only "evidence" on which Zhu relies are four documents attached to his brief, two of which are not in the appellate record and thus not properly before this Court. We cannot consider documents that are not in the appellate record. *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (stating appellate court may only determine case on record as filed and cannot look outside record); *see also Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.) ("It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court.").

---

[2] The trial court's division of marital property is reviewed for an abuse of discretion. *Wallace v. Wallace*, 623 S.W.2d 723, 725 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ dism'd); *Colmenero v. Colmenero*, No. 01-14-00071-CV, 2015 WL 1245849, at *2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (mem. op.). As noted, Zhu said in his brief that the judge "tried best to be fair."

6

Because he failed to comply with Texas Rule of Appellate Procedure 38.1 and failed to file an adequate brief, Zhu waived his issues on appeal and presented nothing for our review. *See Walker*, 2022 WL 3722404, at *4; *Abdelnour*, 190 S.W.3d at 241; *see also* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "clear and concise argument for contentions made, with appropriate citations to authorities and record").

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.