

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00378-CV

**RICHARD DE LEON, JR., INDIVIDUALLY AND D/B/A SURVEY SOLUTIONS OF TEXAS, AND XAVIER CHAPA,**

                                                              **Appellants**

 **v.**

**JAMES BAKER AND CONNIE BAKER,**

                                                              **Appellees**

---

### From the County Court at Law
### Walker County, Texas
### Trial Court No. 13897CV

---

## MEMORANDUM OPINION

---

In this accelerated interlocutory appeal, Appellants Richard De Leon, Jr., individually and d/b/a Survey Solutions of Texas, and Xavier Chapa appeal from the trial court's order denying their motion to dismiss the claims brought against them by Appellees James Baker and Connie Baker. Specifically, in two issues, De Leon and Chapa contend that the trial court erred in denying their motion to dismiss because the Bakers failed to file a certificate of merit with their original petition as required by section 150.002

of the Texas Civil Practice and Remedies Code. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. We will affirm.

## Factual and Procedural Background

On October 29, 2021, the Bakers filed their original petition, alleging as follows: In October 2019, De Leon and Chapa completed a survey on certain property in Huntsville, Texas. Relying on De Leon's and Chapa's survey, the Bakers purchased the property. The Bakers later discovered, however, that the survey failed to include retaining walls that were built over the property lines and on neighboring lots. In May 2021, De Leon and Chapa agreed that they were at fault for the inaccurate survey and further agreed that they would pay for or rebuild the retaining walls within the Bakers' property lines. But De Leon and Chapa failed to do so, and the Bakers "had to pay a substantial amount of money to rebuild the retaining walls within their property lines."

Based on the foregoing, the Bakers asserted claims against De Leon and Chapa for violations of the Texas Deceptive Trade Practices Act, common law fraud, negligent misrepresentation, negligence, breach of warranty, breach of contract, and unjust enrichment. The Bakers did not attach a certificate of merit to their original petition.

In response to the Bakers' original petition, De Leon and Chapa filed an original answer generally denying the allegations made by the Bakers, raising several affirmative defenses, and asserting special exceptions regarding the Bakers' failure to specify the amount of their damages. The parties then began engaging in discovery.[1]

---

[1] Both parties have attached numerous documents in the appendices to their briefs, including documents regarding the parties' discovery efforts. However, some of the documents in the appendices are not included in the appellate record. It is well established that documents attached to an appellate brief

On August 22, 2022, almost ten months after the Bakers filed their original petition, De Leon and Chapa then filed a motion to dismiss the Bakers' suit for failure to file a certificate of merit with their original petition. The Bakers filed a response to the motion to dismiss. After a hearing, the trial court signed an order denying De Leon's and Chapa's motion to dismiss, and this accelerated interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

**Authority**

When the Bakers filed their original petition, section 150.002, entitled "Certificate of Merit," provided in relevant part:[2]

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>
> (1) is competent to testify;
>
> (2) holds the same professional license or registration as the defendant; and
>
> (3) practices in the area of practice of the defendant and offers testimony based on the person's:
>
> (A) knowledge;

---

that are not part of the appellate record may generally not be considered by the appellate court. *Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). Accordingly, we will not consider any documents included in the appendices of the parties' briefs that are not part of the appellate record.

[2] Unless otherwise specified, all references to sections or subsections in this opinion refer to the Texas Civil Practice and Remedies Code.

De Leon v. Baker                                                                 Page 3

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

*Id.* § 150.002(b); Act of May 23, 2019, 86th Leg., R.S., ch. 661, § 2 (amended 2023) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)).[3] A "licensed or registered professional" means "a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation,

---

[3] In 2023, subsection 150.002(a) was amended to begin with the phrase "[e]xcept as provided by Subsection (i)." Subsection (i) was then added to section 150.002. It states:

> A third-party plaintiff that is a design-build firm or a design-build team, or an architect, engineer, or other member of a design-build firm or design-build team, is not required to file an affidavit described by Subsection (a) in connection with filing a third-party claim or cross-claim against a licensed or registered professional if the action or arbitration proceeding arises out of a design-build project in which a governmental entity contracts with a single entity to provide both design and construction services for the construction, expansion, extension, rehabilitation, alteration, or repair of a facility, a building or associated structure, a civil works project, or a highway project.

These amendments apply only to actions filed on or after September 1, 2023. *See* Act of May 17, 2023, 88th Leg., R.S., ch. 438.

professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-c).

If a claimant fails to file a certificate of merit, the defendant may seek dismissal of the claimant's complaint pursuant to subsection 150.002(e). *See id.* § 150.002(e); *LaLonde v. Gosnell*, 593 S.W.3d 212, 220–21 (Tex. 2019). In other words, section 150.002 gives certain professionals the right to a professional certification that any complaint about their services has merit before any litigation may be undertaken at all. *See LaLonde*, 593 S.W.3d at 220. "Absent a properly filed certificate of merit, professionals have the right to avoid litigation entirely." *Id.* And dismissal may be with or without prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

On appeal, we review a trial court's order denying a motion to dismiss under section 150.002 for an abuse of discretion. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.) (quoting *Capital One, N.A. v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 479 (Tex. App.—Fort Worth 2011, no pet.)); *see also CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342–43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules and principles, it constitutes an abuse of discretion." *Barron, Stark & Swift Consulting Eng'rs, LP*, 551 S.W.3d at 322 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g,*

*Inc. v. Sherwin–Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**Analysis**

De Leon and Chapa argue that the trial court erred in denying their motion to dismiss because the Bakers failed to file a certificate of merit with their original petition as required by section 150.002. The Bakers respond, in part, that they were not required to file a certificate of merit under section 150.002 because De Leon is not "a licensed or registered professional."

As set forth above, a certificate of merit is required in an action for damages only when such action arises "out of the provision of professional services by *a licensed or registered professional*." Act of May 23, 2019, 86th Leg., R.S., ch. 661, § 2 (amended 2023) (emphasis added). A "licensed or registered professional" includes a "registered professional land surveyor . . . or any firm in which such licensed or registered professional practices." TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-c).

Here, the Bakers alleged in their pleadings that De Leon and Chapa completed a survey on certain property; however, the Bakers did not identify De Leon or Chapa as a licensed or registered surveyor. To the contrary, the Bakers disputed De Leon's status as a licensed professional surveyor in their response to De Leon's and Chapa's motion to dismiss. Therefore, to be entitled to dismissal under section 150.002, De Leon and Chapa, as the movants, had the burden to establish that section 150.002 applied and show that they were licensed or registered surveyors. *See FAI Eng'rs, Inc. v. Logan*, No. 02-20-00255-CV, 2020 WL 7252315, at *4 (Tex. App.—Fort Worth Dec. 10, 2020, no pet.) (mem. op.)

("[T]he burden of proof remained with [the movant] to demonstrate that [the claimant's] suit met the requisites of Section 150.002(a) such that [the claimant] was required to file a certificate of merit with his original petition."); *CH2M Hill Eng'rs, Inc. v. Springer*, No. 09-16-00479-CV, 2017 WL 6210837, at *3 (Tex. App.—Beaumont Dec. 7, 2017, no pet.) (mem. op.) ("[The movant] has not proven, or even identified a single licensed professional engineer who performed professional engineering services for the firm. We conclude [the movant] has failed to meet its burden of proof to show an abuse of discretion by the trial court."); *TDIndustries, Inc. v. My Three Sons, Ltd.*, 05-13-00861-CV, 2014 WL 1022453, at *4–5 (Tex. App.—Dallas Feb. 14, 2014, no pet.) (mem. op.) (holding movant failed to meet its burden of proof to show trial court abused its discretion when only purported evidence that movant provided showed "nothing respecting [movant's] asserted status as a licensed or registered professional pursuant to Chapter 150").

Nothing in the record before us indicates that De Leon or Chapa was a licensed or registered surveyor. Accordingly, we conclude that De Leon and Chapa have failed to meet their burden to show that the trial court abused its discretion in denying their motion to dismiss.

The dissent points out that one of the documents that is included in the appendix to De Leon's and Chapa's appellees' brief is a copy of the Bakers' first amended petition with a certificate of merit attached that seems to concede that Chapa is a registered professional land surveyor. Such document is not in the record that is currently before us; therefore, we are not considering it in our analysis of De Leon's and Chapa's issues. *See Robb*, 417 S.W.3d at 589. The dissent suggests, however, that we should allow the

parties the opportunity to designate the document to be included in a supplemental clerk's record so that we can "reach the merits of the actual issues already raised in this appeal" rather than disposing of this appeal "on purely procedural grounds."

But the Bakers' first amended petition was not the live pleading when the trial court ruled on De Leon's and Chapa's motion to dismiss. The Bakers' first amended petition was filed almost five months *after* the trial court denied De Leon's and Chapa's motion to dismiss. Therefore, we believe that it is irrelevant to the issues raised in this appeal.

"In determining whether a trial court abused its discretion, a reviewing court is generally bound by the record before the trial court at the time its decision was made." *In re M–I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding) (citing *Univ. of Tex. v. Morris*, 162 Tex. 60, 64, 344 S.W.2d 426, 429 (1961)). At the time that the trial court denied De Leon's and Chapa's motion to dismiss, neither the Bakers nor De Leon and Chapa had shown that De Leon and Chapa were licensed or registered surveyors. Accordingly, we cannot conclude that the trial court abused its discretion in denying De Leon's and Chapa's motion to dismiss. *See Rinkle v. Graf*, 658 S.W.3d 821, 824 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (stating that because trial court did not file findings of fact and conclusions of law, appellate court would uphold trial court's ruling on any theory supported by record and would imply any findings of fact necessary to support trial court's ruling). Furthermore, because this determination is dispositive, we need not reach whether the Bakers' claimed damages arose from the provision of professional services

by De Leon and Chapa or whether De Leon and Chapa waived the certificate-of-merit requirement due to participation in litigation.

## Conclusion

In light of the foregoing, we overrule De Leon's and Chapa's issues and affirm the trial court's judgment.


MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed October 19, 2023
[CV06]

