IN the INTEREST OF M.D.G., a Child

No. 08–16–00004–CV

Court of Appeals of Texas, El Paso.

January 27, 2017

J.G., Pro se.

Veronica Teresa Lerma, El Paso, TX, Attorney for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Jesus Guerra, *pro se*, appeals from an order modifying child support and health insurance obligations under a prior order in a suit affecting the parent-child relationship. We affirm.

## FACTUAL SUMMARY

The final decree of divorce ordered Jesus Guerra to pay child support in the amount of $300.00 per month and designated Jessica Jacobs as the primary joint managing conservator of M.D.G. with the right to designate the child's residence. In 2010, Jacobs was serving in the Armed Forces of the United States and subject to deployment, so the parties entered into an agreed temporary modification order which named the child's grandmother, Margaret Sierra, as the primary managing conservator and authorized her to exercise Jacob's rights and duties under the prior order. The agreed temporary modification order suspended Guerra's obligation to pay child support until the agreed order is modified or it terminated on August 31, 2014.

In 2011, Jacobs filed a motion seeking to modify the agreed temporary modification order by reappointing her as the joint managing conservator. She also asked the trial court to modify child support and medical insurance for the child. Following a hearing, the trial court set aside the agreed temporary modification order and found that child support should be modified due to the existence of material and substantial changes since the rendition of the final decree of divorce. The court ordered that child support would be modified after it received proof of income.

The record does not reflect that the trial court entered an order modifying the amount of child support, but Guerra, on October 23, 2014, filed an objection to what he referred to as the amended court order for income withholding. In his brief, Guerra states that he appeared at a hearing on September 18, 2015, and presented proof of his income, and the associate judge set his child support obligation at $405.84 per month retroactive to May 1, 2012. On September 18, 2015, the district court signed an order setting Guerra's child support obligation at $405.00 per month retroactive to May 1, 2012, and requiring him to reimburse Jacobs for the cost of the child's medical insurance premium.

## NEW ISSUES RAISED IN REPLY BRIEF

Guerra filed a reply brief raising new issues. Rule 38.3 restricts a reply brief to addressing matters raised in the appellee's brief. Tex.R.App.P. 38.3; *Calvillo v. Carrington Mortgage Services*, 487 S.W.3d 626, 630 n.2 (Tex.App.–El Paso 2015, pet. denied). A reply brief may not

be utilized to present a new issue to the court. *Calvillo,* 487 S.W.3d at 630 n.2; *Fox v. City of El Paso,* 292 S.W.3d 247, 249 (Tex.App.–El Paso 2009, pet. denied). Consequently, we will not address the new issues raised in the reply brief, but we will consider those arguments made in response to Jacobs' brief.

## PROCEDURAL DEFAULTS

■ Jacobs argues in her brief that the appeal should be dismissed because Guerra did not perfect the appeal, his notice of appeal does not comply with TEX.R.APP.P. 25.1(d), and his brief does not comply with TEX.R.APP.P. 38.1. In order to perfect an appeal in a civil case, a party must file a written notice of appeal within thirty days after the judgment is signed. *See* TEX. R.APP.P. 25.1, 26.1. The trial court conducted the hearing on September 16, 2015, but it did not sign the challenged modification order until September 18, 2015. Guerra filed a premature notice of appeal on September 17, 2015. In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal. *See* TEX.R.APP.P. 27.1(a). Guerra timely perfected his appeal.

■ Jacobs next asserts that Guerra's appeal should be dismissed because his notice of appeal does not comply with Rule 25.1(d). We are mindful that *pro se* litigants are generally held to the same standards as a licensed attorney and are required to comply with all applicable laws and rules of procedure. *See Robb v. Horizon Communities Improvement Association, Inc.,* 417 S.W.3d 585, 589–90 (Tex. App.–El Paso 2013, no pet.); *Viasana v. Ward County,* 296 S.W.3d 652, 654 (Tex. App.–El Paso 2009, no pet.). Rule 25.1(d) specifies the contents of the notice of appeal. *See* TEX.R.APP.P. 25.1(d). Although Rule 42.3(c) permits dismissal of an appeal

where the appellant has failed to comply with a requirement of the Rules of Appellate Procedure, such as Rule 25.1(d), but dismissal is discretionary with the appellate court. *See* TEX.R.APP.P. 42.3. Appellate courts are required to interpret the Rules of Appellate Procedure liberally in order to reach the merits of an appeal whenever possible. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex. 1987); *St. Mina Auto Sales, Inc. v. Al-Muasher,* 481 S.W.3d 661, 668 (Tex.App.–Houston [1st Dist.] 2016, pet. denied). Further, an appellant is permitted to amend the notice of appeal. *See* TEX. R.APP.P. 25.1(g). We agree that Guerra's notice of appeal does not include all of the required information, but it is apparent from a reading of Jacob's brief that she has been able to discern which order Guerra is challenging in this appeal. Consequently, we will not dismiss the appeal or require Guerra to file an amended notice of appeal.

■ Jacobs also contends that Guerra's brief does not comply with Rule 38.1. When reviewing a brief, whether filed by counsel or by *pro se* parties, we are required to construe it reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *Perry v. Cohen,* 272 S.W.3d 585, 587 (Tex. 2008). Substantial compliance with the rules is sufficient. *See* TEX.R.APP.P. 38.9. Jacobs is correct that Guerra's brief is deficient in several respects, but we decline to dismiss the appeal due to inadequate briefing.

## FAILURE TO FILE REPORTER'S RECORD

There is another procedural matter which must be considered before we address the merits of the appeal. The court reporter notified the Court that Guerra had not required the reporter's record or made financial arrangements to pay for the preparation of the reporter's record.

On January 26, 2016, we notified Guerra that his appeal would be submitted on the clerk's record alone if he did not request the reporter's record and make arrangements to pay for it. *See* TEX.R.APP.P. 37.3(c). Guerra did not respond to the inquiry. In the absence of a reporter's record, we are limited to considering those issues which do not require a reporter's record for a decision. TEX.R.APP.P. 37.3(c).

■■ Guerra's first two issues pertain to the legality of the modification order and do not require a reporter's record to address. The same cannot be said for the third issue where Guerra maintains that the trial court abused its discretion by miscalculating the amount of child support he is required to pay. A trial court's order modifying child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *See In re J.A.J.*, 283 S.W.3d 495, 497 (Tex. App.–Beaumont 2009, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Guerra's entire argument is based on the evidence presented at the hearing regarding his gross monthly earnings as reflected on two pay stubs, his exchanges with the trial court during the hearing, and his objections to evidence presented. While Guerra's brief provides details about the evidence presented at the hearing, he has not provided us with the reporter's record or any exhibits introduced during the hearing. A reporter's record of the modification hearing is required to properly assess Guerra's third issue.

■ There is nothing in the record to indicate that the amount of child support ordered by the trial court varied from the amount computed by applying the percentage guidelines. Consequently, the court was not required to make findings unless Guerra made a written request within ten days after the hearing, or Guerra made an oral request in open court during the hearing. *See* TEX.FAM.CODE ANN. § 154.130 (West 2014). When no findings of fact and conclusions of law are filed, we must presume the trial court made all the necessary findings to support its judgment. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Garcia v. Garcia*, 170 S.W.3d 644, 652 (Tex. App.–El Paso 2005, no pet.). The legal and factual sufficiency of the evidence to support these implied findings may be challenged only when a reporter's record is brought forward. *Holt Atherton*, 835 S.W.2d at 84. When a reporter's record is not filed, as in this case, we must assume that the missing evidence supports the trial court's ruling. *Bryant v. United Shortline Inc. Assurance Services*, 972 S.W.2d 26, 31 (Tex. 1998). Consequently, Guerra's failure to take the necessary steps to ensure that the reporter's record was filed prevents us from reviewing this issue or granting the relief he requests. Issue Three is overruled.

## DISMISSAL OF GUERRA'S COUNSEL AND RETROACTIVE CHILD SUPPORT

■ In Issue One, Guerra raises two distinct legal arguments which we will address separately. First, Guerra contends that his right to "equality under the law" was violated when the trial court did not permit him to enter on the record at the hearing that he had dismissed his legal counsel. The modification order reflects that Guerra was represented by an attorney at the hearing. A record of the hearing has not been made part of the appellate record. Consequently, Guerra has waived

the issue because the record does not reflect that he raised this complaint in the trial court or that the court made an adverse ruling. *See* Tex.R.App.P. 33.1(a).

 In his second argument under Issue One, Guerra argues that the trial court "violated the bills of attainder Ex Post Facto or Retroactive laws" by making the child support obligation retroactive to May 1, 2012. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867 (1977). The modification order is not a law and it does not involve punishment for a criminal offense.

 Both the United States and Texas Constitutions prohibit *ex post facto* laws. U.S. Const. art. I, § 9, cl. 3; Tex.Const. art. I, § 16. Texas interprets the proscription against *ex post facto* laws in the Texas Constitution to have the same meaning as the proscription against ex post facto laws found in the United States Constitution. *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim.App. 1991); *State v. Pieper*, 231 S.W.3d 9, 12 (Tex.App.–Houston [14th Dist.] 2007, no pet.). An *ex post facto* law is any law that (1) punishes as a crime any act that was innocent when it was performed; (2) inflicts a greater punishment than the law attached to a criminal offense when it was committed; (3) deprives the defendant of any defense available at the time the act was committed; or (4) alters the legal rules of evidence and requires less or different testimony than the law required at the time of the commission of the offense to convict the defendant. *See Carmell v. Texas*, 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000). The modification order is not an *ex post facto* law.

A trial court may retroactively modify child support obligations accruing after the earlier of the date of service of citation or the date of the appearance of the respondent in the modification action. Tex.Fam. Code Ann. § 156.401(b)(West Supp. 2016). To the extent Guerra intended to direct his arguments at Section 156.401, his argument is without merit because the statute does not involve punishment. Consequently, it is not a bill of attainder. *See Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex.App.–Fort Worth 2010, pet. denied); *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex.App.–Houston [14th Dist.] 2005, pet. denied). Likewise, the statute is not an *ex post facto* law.

Guerra additionally argues that the trial court erred by making the child support retroactive to May 1, 2012 because the agreed temporary modification order, which suspended Guerra's obligation to pay child support, did not expire until August 31, 2014. He reasons that since he was not obligated to pay any child support until the agreed temporary modification order expired, the trial court could not make the child support retroactive to a date before August 31, 2014. Guerra fails to consider that the agreed temporary modification order provided that it would be effective until the trial court modified the order or it terminated on August 31, 2014. The record reflects that the trial court set aside the agreed temporary modification order on April 14, 2012. We conclude that the trial court had authority under Section 156.401 to retroactively modify Guerra's child support obligations. Issue One is overruled.

### SIGNING ORDER AFTER NOTICE OF APPEAL FILED

In Issue Two, Guerra argues that the trial court violated "Appellant's right" by signing the modification order after Guer-

ra filed his notice of appeal. The trial court conducted the hearing on September 18, 2015, and according to Guerra's brief, orally rendered the ruling on the motion to modify. Guerra has not provided us with a record of that hearing, but he recited the details of the trial court's ruling in his premature notice of appeal filed on September 17, 2015. The court signed the modification order on September 18, 2015. We have endeavored to discern Guerra's argument, but he does not cite any authority or explain what right the trial court violated by signing the modification order. We have construed his argument as asserting that the trial court lacked jurisdiction to sign the modification order.

A judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the clerk. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58–59 (Tex. 1970). The signing of a formal order or judgment is essential to trigger the appellate timetable under Tex.R.Civ.P. 306a, but is otherwise merely a ministerial, mechanical act. *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex.App.–El Paso 1990, no writ); *see* Tex.R.Civ.P. 306a(1)(date of signing judgment or order begins appellate timetable, but does not determine what constitutes rendition of a judgment or order for any other purpose). Regardless of when the trial court rendered the ruling on the motion to modify, Guerra's premature filing of the notice of appeal did not operate to deprive the trial court of jurisdiction to sign the modification order. Issue Two is overruled.

### FRIVOLOUS APPEAL

Jacobs' brief includes a request that we assess damages in the amount of $10,500 because Guerra's appeal is frivolous. See Tex.R.App.P. 45. An appellate court has authority under Rule 45 to award just damages if we determine that an appeal is frivolous, but we exercise that authority only if the record shows that the appellant did not act in good faith and had no reasonable expectation of reversal. *See Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex.App.–El Paso 2001, no pet.). In deciding whether to assess damages under Rule 45, we look at the record from the viewpoint of the *pro se* appellant and determine whether he had reasonable grounds to believe the judgment should be reversed. *See Faddoul*, 52 S.W.3d at 213; *Smith v. Brown*, 51 S.W.3d 376, 380–81 (Tex.App.–Houston [1st Dist.] 2001, pet. denied). We also keep in mind that an appellate court must exercise its discretion under Rule 45 with caution and only after careful consideration. *See Casteel–Diebolt v. Diebolt*, 912 S.W.2d 302, 306 (Tex.App.–Houston [14th Dist.] 1995, no writ). While some of the arguments raised by Guerra are certainly meritless, we are unable to conclude that Guerra brought the appeal in bad faith or that he did not have reasonable grounds to believe that the modification order should be reversed. Accordingly, we will exercise our discretion to deny Jacobs' request to impose just damages against Guerra under Rule 45. Having denied each of Guerra's issues, we affirm the modification order.

Hughes, J., Not Participating