**Opinion issued May 16, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-16-00836-CV**

———————————

**KAREN MCANDREWS AND JOHN LOWE, Appellants**

**V.**

**JODY LOWE AND PHYNISS DONALD LOWE, Appellees**

---

**On Appeal from the County Court at Law**
**Austin County, Texas**
**Trial Court Case No. 2014L-6013**

---

## MEMORANDUM OPINION

The clerk's record filed in this Court reflects that appellants, Karen McAndrews and John Lowe, are parties to a suit affecting the parent-child relationship regarding Lowe's children and McAndrews's grandchildren. Appellants have filed a notice of appeal, attempting to appeal a "Rule 11 Agreement," the trial

court's order for issuance of a writ of attachment, and the trial court's ruling on a contest to an affidavit of inability to pay costs. We dismiss the appeal for want of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). An appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2016) (authorizing appeals from certain interlocutory orders). The clerk's record does not show that the trial court has signed an appealable interlocutory order or a final judgment.

Accordingly, the Clerk of this Court notified appellants that the appeal was subject to dismissal for want of jurisdiction unless they filed a written response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellants responded that "the Rule 11 Agreement, dated 8-27-15[,]"was not "'intrinsically interlocutory,'" "dispos[ed] of all parties legally before [the trial court] and of all issues made by the pleadings between such parties," and "serves as the 'final judgment.'"

2

"[A] rule 11 agreement signed by the parties and filed with a court is not in itself a court order . . . ." *Schoendienst v. Haug*, 399 S.W.3d 313, 320 (Tex. App.—Austin 2013, no pet.); *see* TEX. R. CIV. P. 11 ("[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."); *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 306 (Tex. 2004) (stating filing agreement with trial court was "requirement for enforcement" but was not "request for enforcement or any other affirmative action by the trial court"). However, "nothing in the rules of procedure prohibits a Rule 11 agreement" from being a judgment "so long as the agreement meets the requirements for a final judgment." *In re Vaishangi, Inc.,* 442 S.W.3d 256, 259 (Tex. 2014). A judgment is final if it disposes of all claims and parties before the court or states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Id.* (citations omitted); *Aldridge*, 400 S.W.2d at 895.

Here, the Rule 11 Agreement does not meet the requirements of a final judgment. The agreement is signed by appellants, appellee Jody Lowe, and counsel, and reflects their agreement regarding, among other things, the children and the trial court proceedings, including a hearing set for September 24, 2015, and appellee Phyniss Donald Lowe's request "that his intervention be non-suited." The agreement includes the trial court's filemark, indicating that the agreement was filed in the trial

3

court record on August 25, 2015. However, the agreement is not signed by the trial court. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (citations omitted) ("Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk."); *see also In re M.D.G.*, No. 08-16-00004-CV, 2017 WL 382950, at \*4 (Tex. App.—El Paso Jan. 27, 2017, no pet.) ("The signing of a formal order or judgment is essential to trigger the appellate timetable . . . ."). And, the agreement does not dispose of the claims and parties before the trial court or state that it is a final judgment. *See In re Vaishangi*, 442 S.W.3d at 260 (holding parties' rule 11 agreement to dismiss all claims was not final judgment, although signed by trial court, because agreement contained "no decretal language typically seen in a judgment (i.e., 'ordered, adjudged, and decreed').") The Rule 11 Agreement does not constitute a final judgment, and we have no jurisdiction over the attempted appeal from the agreement.

Appellants' notice of appeal also states that they seek to challenge a June 3, 2015 order for issuance of a writ of attachment to take McAndrews into custody. This Court has jurisdiction to consider an appeal from an interlocutory order only if a statute specifically provides jurisdiction. *See Stary*, 967 S.W.2d at 352–53; *see also Pina v. Shaw*, No. 01-03-00088-CV, 2004 WL 306096, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 19, 2004, no pet.) (mem. op.) (citing *Johnson v. Parish*, 547 S.W.2d

4

311, 313 (Tex. App.—Houston [1st Dist.] 1977, no writ)) (stating temporary orders in suit affecting parent-child relationship are interlocutory and no statutory provision authorizes appeal of orders). The order for issuance of the writ of attachment is not an appealable order. *See In re Cantu de Villarreal*, No. 13-08-00408-CV, 2009 WL 888467, at *6 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op.).

Finally, appellants' notice of appeal states that they seek to challenge the trial court's ruling on the court reporter's contest to McAndrews's affidavit of inability to pay costs. On November 16, 2015, the court reporter filed a contest to "the affidavit of inability to pay costs which alleges that Karen McAndrews is unable to pay costs in this case filed by Karen McAndrews." Pursuant to Texas Rule of Appellate Procedure 20.1, the court reporter asked the trial court "to set [the] matter for hearing and take evidence and require Karen McAndrews to prove her alleged inability by competent evidence other than by the affidavit." The clerk's record includes the trial court's docket sheet that indicates that, on November 24, 2015, the trial court held a hearing and states "Request for free record—DENIED."[1]

---

[1] The notice of appeal also indicates that appellants seek to challenge the trial court's "[r]efusal to comply" with Texas Government Code section 52.047, which addresses a court reporter's furnishing a record. *See* TEX. GOV'T CODE ANN. § 52.047(a) (West 2013). With their notice of appeal, each appellant filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," executed on October 6, 2016. *See* TEX. R. CIV. P. 145(a), (b). The clerk's record does not include any contest to these affidavits or any order that requires appellants

A trial court's "docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience." *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citations omitted). A docket-sheet entry generally is insufficient to constitute a judgment or order of the court. *Id.* (citations omitted). Here, the docket sheet entry does not constitute a written order of the court sustaining the court reporter's contest to McAndrews's affidavit of inability to pay costs.

But even were the docket-sheet entry an order sustaining the contest, appellants did not timely seek appellate review of the order. Under the rule applicable at the time the court reporter filed the contest, appellants had to seek review of any trial court order sustaining the contest "by filing in the appellate court a motion challenging the order, within ten days after the order sustaining the contest [was] signed." *Clinkscale v. Corp. Auto Servs., Inc.*, No. 01-15-00938-CV, 2016 WL 1106871, at *1 (Tex. App.—Houston [1st Dist.] Mar. 22, 2016, no pet.) (mem. op.) (citing TEX. R. APP. P. 20.1(j)(1), (2), 75 TEX. B.J. 228, 229 (Tex. 2012), amended

---

to pay costs, including the fees for preparation of the reporter's record. *See id.* 145(a),(c), (f); TEX. R. APP. P. 20.1; *see also In re J.S.*, No. 05-17-00341-CV, 2017 WL 1455406, at *1 (Tex. App.—Dallas Apr. 20, 2017, no pet. h.) (mem. op.) ("[Rule] 145 exempts a party from paying court costs, including the reporter's fee, if the party files a statement showing he does not have the funds to pay."). Because we dismiss this appeal for want of jurisdiction, any issue regarding a failure to file a reporter's record in this appeal is moot.

effective Sept. 1, 2016). Appellants did not file a motion to contest the ruling in this Court and did not file their notice of appeal until October 11, 2016, nearly one year after the trial court's docket-sheet entry.

Based on the foregoing, we conclude that this Court does not have jurisdiction over this attempted appeal and dismiss the appeal for want of jurisdiction. We dismiss as moot all pending motions.

**PER CURIAM**

Panel consists of Justices Jennings, Huddle, and Lloyd.

7