

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TAMARA ANGELA GRIFFIN, | § | No. 08-24-00003-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd Judicial District Court |
| JAMES HENRY THOMAS, SR., | § | of El Paso County, Texas |
| Appellee. | § | (TC#2020DCM1006) |

## MEMORANDUM OPINION

By opinion and judgment issued January 30, 2024, this Court dismissed the above styled and numbered cause for want of jurisdiction because the appeal was not timely perfected. After our opinion issued, Appellant filed a motion for rehearing which this Court granted by Order dated May 6, 2024. Having withdrawn our original opinion and returned this cause to the docket, it is now before the Court on Appellant's motion for extension of time to file notice of appeal. Finding that Appellant failed to comply with this Court's Order, we deny the motion and dismiss the appeal for want of jurisdiction.

We recognize that Appellant is a pro se litigant. Yet, this Court has previously held that pro se litigants are held to the same standards as licenced attorneys and are required to comply with all applicable laws and rules of procedure. *Interest of M.D.G.*, 527 S.W.3d 299, 303

(Tex. App.—El Paso 2017, no pet); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied) (discussing standards for pro se litigants). Thus, Appellant is not exempt from the rules of procedure by virtue of her pro se status. *Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.).

Appellant filed a notice of appeal on January 11, 2024, attempting to appeal a final judgment signed by the trial court on October 12, 2023. This Court reviewed the docketing certificate which showed that Appellant filed an untimely motion for new trial on January 11, 2024. Because the motion for new trial was untimely, it appeared to this Court that it did not extend the time for filing a notice of appeal, which without a timely filed motion for new trial, would have been due by November 11, 2023. Tex. R. App. P. 26.1. We concluded that Appellant's notice of appeal filed on January 11, 2024 was thus untimely and did not properly invoke this Court's jurisdiction.

On January 12, 2024, the Clerk of this Court sent Appellant a letter notifying her that the appeal was not timely perfected. The letter gave notice of our intent to dismiss the appeal for want of jurisdiction, after ten days, unless grounds were shown to continue the appeal. Tex. R. App. P. 42.3(a). Appellant did not respond to this Court's notice, and her appeal was dismissed for want of jurisdiction on January 30, 2024. Tex. R. App. P. 26.1, 42.5(a),(c), 43.2(f).

That same day, Appellant filed a motion for rehearing asking this Court to reinstate the appeal on the grounds that the motion for new trial and notice of appeal were timely filed. The motion included documents from the electronic filing service provider, efiletexas.gov, indicating

that Appellant filed a motion for new trial on November 11, 2023. The motion also asserted that Appellant attempted to file the motion for new trial on November 10, 2023, but was unable to complete the filing due to an electronic filing system failure. This Court requested a response from the Appellee, but none was received.

In considering Appellant's motion for rehearing, this Court found that Appellant's motion for new trial was timely filed pursuant to Texas Rule of Civil Procedure 21(f)(5), which provides that a document is deemed filed when transmitted to the party's electronic filing service provider. Tex. R. Civ. P. 21(f)(5). Appellant transmitted her motion to the electronic filing service provider on November 11, 2023, which was a Saturday. Therefore, Appellant's motion for new trial was deemed filed on Monday November 13, 2024, and the timely filed motion extended the post-judgment deadlines for filing a notice of appeal. Tex. R. Civ. P. 21(f)(5); 4; Tex. R. App. P. 26.1(a), (a)(1). But even with the extended deadlines, which ran from October 12, 2023 to January 10, 2024, Appellant's notice of appeal filed on January 11, 2024 was nonetheless untimely.

Although the notice of appeal was untimely, this Court noted in our Order on Appellant's motion for rehearing that a court of appeals "may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal," the appellant files the notice of appeal in the trial court *and* files a motion for extension of time to file the notice of appeal in the appellate court. Tex. R. App. P. 26.3(a), (b). Because this Court has previously held that a motion of extension of time is necessarily implied when an appellant files a notice of appeal after the deadline, but within the 15-day grace period provided by Rule 26.3, our Order found that Appellant had provided the preliminary grounds for continuing the appeal as requested in our letter noticing our intent to dismiss. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We granted the motion for rehearing and ordered Appellant to file the appropriate motion for extension of time

providing a reasonable explanation for filing the notice of appeal late. Our Order stated that the motion and explanation were due no later than May 24, 2024, and warned that the appeal would be subject to dismissal without further notice if Appellant failed to comply. Tex. R. App. P. 42.3(b), (c).

On May 28, 2024, four days after the deadline provided in our Order, Appellant attempted to file a motion for extension of time through the electronic filing service provider. The document was rejected for corrections by the Clerk of this Court and resubmitted by Appellant on May 31, 2024. Because Appellant's motion for extension of time was not filed by the May 24, 2024 deadline that this Court imposed and clearly communicated to Appellant, we deny her attempted late filed motion, and decline to extend the time to file her notice of appeal.[1] *See* Tex. R. App. P. 26.3. And without an extension, her appeal is untimely, and we dismiss it for want of jurisdiction.

JEFF ALLEY, Chief Justice

June 13, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[1] Even at that, the entire substance of Appellant's explanation for late filing her notice of appeal reads: "This extension of time is necessary because there was Technical Failure that delayed e-file completion for several minutes past deadline. [sic] This extension of time is not sought for the purposes of delay, but so that justice may be done." Unlike her Motion for Rehearing that attached documentation from the e-file system supporting when her motion for new trial was filed, nothing was attached to her late filed Motion For Extension of Time to File the Notice of Appeal that in any way explains what "Technical Failure" she alludes to.