COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TAMARA ANGELA GRIFFIN, | § | No. 08-24-00003-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd Judicial District Court |
| JAMES HENRY THOMAS, SR., | § | of El Paso County, Texas |
| Appellee. | § | (TC#2020DCM1006) |

## SUBSTITUTED MEMORANDUM OPINION

Our opinion of June 13, 2024 is withdrawn and we issue the following opinion in its place.

This is an attempted appeal of a divorce decree that the trial court signed on October 12, 2023.[1] The final divorce decree makes a division of the marital assets and found that the couple's

---

[1] We recognize that Appellant is a pro se litigant. Yet, this Court has previously held that pro se litigants are held to the same standards as licenced attorneys and are required to comply with all applicable laws and rules of procedure. *Interest of M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied) (discussing standards for pro se litigants). Thus, Appellant is not exempt from the rules of procedure by virtue of her pro se status. *Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.).

only child had reached the age of majority. It therefore terminated any child support obligations and denied any spousal support.[2]

## I. PROCEDURAL BACKGROUND

Appellant filed a notice of appeal on January 12, 2024, attempting to appeal a final judgment signed by the trial court on October 12, 2023. This Court reviewed the docketing certificate which showed that Appellant filed an untimely motion for new trial on January 11, 2024. Because the motion for new trial was untimely, it appeared to this Court that it did not extend the time for filing a notice of appeal, which without a timely filed motion for new trial, would have been due by November 11, 2023. Tex. R. App. P. 26.1. We concluded that Appellant's notice of appeal filed on January 11, 2024 was thus untimely and did not properly invoke this Court's jurisdiction.

On January 12, 2024, the Clerk of this Court sent Appellant a letter notifying her that the appeal was not timely perfected. The letter gave notice of our intent to dismiss the appeal for want of jurisdiction, after ten days, unless grounds were shown to continue the appeal. Tex. R. App. P. 42.3(a). Appellant did not respond to this Court's notice, and her appeal was dismissed for want of jurisdiction on January 30, 2024. Tex. R. App. P. 26.1, 42.5(a),(c), 43.2(f).

### A. The first motion for rehearing

That same day, Appellant filed a motion for rehearing asking this Court to reinstate the appeal on the grounds that the motion for new trial and notice of appeal were timely filed. The motion included documents from the electronic filing service provider, efiletexas.gov, indicating that Appellant filed a motion for new trial on November 11, 2023. The motion also asserted that

---

[2] We can discern no more of the underlying dispute as neither a Clerk's Record nor a Reporter's Record has ever been filed with this Court.

2

Appellant attempted to file the motion for new trial on November 10, 2023, but was unable to complete the filing due to an electronic filing system failure. This Court requested a response from the Appellee, but none was received.

In considering Appellant's motion for rehearing, this Court found that Appellant's motion for new trial was timely filed pursuant to Texas Rule of Civil Procedure 21(f)(5), which provides that a document is deemed filed when transmitted to the party's electronic filing service provider. Tex. R. Civ. P. 21(f)(5). Appellant transmitted her motion to the electronic filing service provider on November 11, 2023, which was a Saturday. Therefore, Appellant's motion for new trial was deemed filed on Monday November 13, 2024, and the timely filed motion extended the post-judgment deadlines for filing a notice of appeal. Tex. R. Civ. P. 21(f)(5); 4; Tex. R. App. P. 26.1(a), (a)(1). But even with the extended deadlines, which ran from October 12, 2023 to January 10, 2024, Appellant's notice of appeal filed on January 11, 2024 was nonetheless untimely.

### B. Our request for a reasonable explanation

Although the notice of appeal was untimely, this Court noted in our Order on Appellant's motion for rehearing that a court of appeals "may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal," the appellant files the notice of appeal in the trial court *and* files a motion for extension of time to file the notice of appeal in the appellate court. Tex. R. App. P. 26.3(a), (b). Because this Court has previously held that a motion of extension of time is necessarily implied when an appellant files a notice of appeal after the deadline, but within the 15-day grace period provided by Rule 26.3, our Order found that Appellant had provided the preliminary grounds for continuing the appeal as requested in our letter noticing our intent to dismiss. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We granted the motion for rehearing and ordered Appellant to file the appropriate motion for extension of time

providing a *reasonable explanation* for filing the notice of appeal late. Our Order stated that the motion and explanation were due no later than May 24, 2024, and warned that the appeal would be subject to dismissal without further notice if Appellant failed to comply. Tex. R. App. P. 42.3(b), (c).

### C. The second dismissal for failure to timely file the motion for leave

Having withdrawn our original opinion and returned this cause to the docket, it came back before this before the Court on Appellant's motion for extension of time to file notice of appeal. We denied that motion on June 13, 2024 with an opinion explaining how Appellant's motion for extension of time was not timely filed. Our records showed that the motion was received by this Court on May 28, 2024, but rejected for non-compliance issues, and the clerk allowed until May 30, 2024 for corrections of those issues. Appellant resubmitted a corrected motion on May 31, 2024. Our original opinion declined to consider the motion based on our understanding that it had been filed on May 28 and was untimely.

### D. Appellant's latest motion for rehearing

Appellant's latest motion for rehearing attached screen shots to show she did in fact tender her motion for leave to her electronic service provider on May 24, which was timely under our order. We now accept that representation and turn to the substance of the Appellant's motion. The entire text of the motion explaining her late notice of appeal reads as follows: "This extension of time is necessary because there was Technical Failure that delayed e-file completion for several minutes past deadline. This extension of time is not sought for the purposes of delay, but so that justice may be done."

## II.  FAILURE TO PROVIDE A REASONABLE EXPLANATION

Texas Rule of Appellate Procedure 26.3 allows this Court to extend the time to file a notice of appeal if the notice of appeal is filed within 15 days of the deadline and the party files a motion complying with Rule 10.5(b) in the appellate court. Rule 10.5(b) in turn requires the motion to include, among other things, "the facts relied on to reasonably explain the need for an extension." Tex. R. App. P. 10.5(b)(2)(A); 10.5(b)(1)(C). Here, a reasonable explanation includes "any plausible statement of circumstances indicating that failure" to timely file the notice of appeal "was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Interest of S.V.*, 697 S.W.3d 659, 661 (Tex. 2024) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977).

But the motion here provides no factual explanation of the "Technical Failure" that Appellant refers to. Unlike her Motion for Rehearing that attached documentation from the e-file system supporting when her motion for new trial was filed, nothing was attached to her Motion For Extension of Time to File the Notice of Appeal that in any way explains the "Technical Failure." The term "Technical Failure" comes right out of Rule of Civil Procedure 21(f)(6) ("Technical Failure. If a document is untimely due to a technical failure of a system outage, the filing party may seek appropriate relief from the court."). Courts have granted relief under Rule 21(f)(6) where the moving party has provided an explanation of *what* constituted the technical failure. *See Jimenez v. Lewis*, No. 14-17-00347-CV, 2019 WL 546426, at *3 (Tex. App.—Houston [14th Dist.] Feb. 12, 2019, no pet.) (mem. op.) (explaining that counsel saw on her e-file provider's website that the motion was timely filed, but the motion did not make it the Court's file); *Nevarez Law Firm, P.C. v. Inv'r Land Services, L.L.C.*, 610 S.W.3d 567, 570 (Tex. App.—El Paso 2020), opinion after reinstatement of appeal sub nom. *Nevarez Law Firm, PC v. Inv'r Land Services, LLC*,

645 S.W.3d 870 (Tex. App.—El Paso 2022, no pet.) (noting that the party documented that the pleading was timely filed with the electronic filing service provider but routed to the wrong clerk); *In re Iftikhar Ahmed, P.A.*, No. 01-19-00584-CV, 2020 WL 894460, at \*4 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, no pet.) (mem. op.) (noting that the record contained e-filing notifications demonstrating that Plaintiffs attempted to file a motion on the correct day but was "rejected due to formatting errors").

Here, Appellant has done no more than used the words "Technical Failure" without any proof of, or explanation of what she claims delayed the filing. The claim is therefore entirely conclusory and fails provide the factual basis for a "reasonable explanation" for her late field notice of appeal. Her motion for extension is denied. And without an extension, her appeal is untimely, and we dismiss it for want of jurisdiction.

JEFF ALLEY, Chief justice

November 7, 2024

Before Alley, C.J., Palafox and Soto, JJ.