

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00003-CV

---

Tamara Angela Griffin, Appellant

v.

James Henry Thomas, Sr., Appellee

---

On Appeal from the 383rd District Court
El Paso County, Texas
Trial Court No. 2020DCM1006

---

## SUBSTITUED MEMORANDUM OPINION

Appellant's Motion for Rehearing is denied. The opinion and judgment issued on November 14, 2025, is withdrawn, and the following is the substituted opinion of this Court.

Appellant Tamara Angela Griffin, a self-represented litigant, appeals from a final decree of divorce dissolving her marriage to Appellee James Henry Thomas, Sr. Griffing brings multiple issues on appeal. First, she argues the trial court erred in denying her requests for spousal maintenance and support for a child who had reached the age of majority. Second, she contends the trial court committed due process violations and it failed to hold a required de novo hearing. Finding no error, we affirm.

## I. BACKGROUND

On September 16, 2021, Thomas filed a petition for divorce on alternative grounds. He alleged that he and Griffin had not cohabitated for at least three years; and alternatively, their marriage had become insupportable due to discord or conflict. Griffin answered and filed a counter-petition wherein she requested the trial court grant a divorce on the grounds of cruelty, adultery, and abandonment. Among other things, she requested a just and right division of the marital estate and requested postdivorce maintenance.

As for child support, both parties alleged one child was born of their marriage, a son who was 18 years old and enrolled in high school at the start of the divorce. Griffin requested the trial court appoint her and Thomas as joint managing conservators of their child, that she be appointed the conservator with the exclusive right to designate the child's primary residence, that Thomas be ordered to provide child support, and that the support obligation survive his death and be paid by his estate. She further alleged that the child required substantial care and personal supervision because of a mental or physical disability. As a result, she requested Thomas's support obligation continue after the child's 18th birthday and be extended for an indefinite period.

Prior to the filing of the divorce proceeding, the trial court had entered an order, on June 18, 2020, in a suit affecting the parent-child relationship (SAPCR) filed by Griffin and the Office

of the Attorney General. Relevant to this appeal, the trial court ordered Thomas to pay monthly child support in the amount of $758 beginning July 1, 2020. The order further provided that the child support obligation would terminate the first month following the date the child turns 18 years old or graduates from high school, whichever occurred later, unless otherwise terminated.[1] Additionally, the trial court found Thomas owed retroactive child support in the amount of $18,192 for the period between January 28, 2017, and June 18, 2020. Thomas was ordered to pay $858 each month until the owed amount was fully paid. Both the SAPCR and the divorce proceeding were filed in the same district court under the same trial court cause number.

Prior to the final hearing in the divorce, the trial court signed an order finding that the child had reached the age of 18 and was no longer enrolled in an accredited secondary school. Accordingly, the trial court ordered that the order for withholding rendered on June 18, 2020, be terminated as of April 28, 2023. The trial court then held a final hearing, via Zoom, with Thomas and Griffin in attendance. Thomas was represented by counsel while Griffin announced that she still did not have an attorney and she needed representation. Nonetheless, she did not ask for a continuance and the final hearing proceeded with her and Thomas both testifying. At the conclusion of the hearing, the trial court dissolved the marriage and it signed a final decree of divorce on a later date.

The trial court granted the divorce on the grounds of insupportability and living apart. The trial court found there was one child born of the marriage and the child had reached the age of majority. The trial court found Thomas was no longer obligated to pay ongoing and current child support and noted it had earlier signed an order terminating that obligation. The trial court ordered

---

[1] There are other events specified in which the child support obligation would terminate earlier that are not relevant in this case.

that any overages or funds on hold from that date shall be returned to Thomas. The trial court further denied Griffin's request for spousal maintenance. The trial court ordered the marital estate would be divided in a just and right division including awarding each party all property in their possession. Additionally, the trial court divided Thomas's retirement accounts, awarding Griffin a portion of each. The trial court awarded Thomas the 2016 Nissan Maxima in his possession and awarded Griffin the 2016 Nissan Pathfinder in her possession.

Griffin filed a motion for new trial which was overruled by operation of law. This appeal followed.[2]

## II. ISSUES

In her brief, Griffin lists six issues on a variety of subjects.[3] First, she asserts she was denied procedural due process when the trial court excluded her from a child support hearing held in her case. Second, she maintains the trial court erred in ruling on extended child support without evidence of disability and caregiving. Third, she contends she was denied a de novo hearing in violation of the Texas Family Code. Fourth, she argues the trial court's conduct and comments during her case undermined impartiality and due process. Fifth, Griffin asserts she was denied meaningful representation when her attorney withdrew without a substitution of counsel. Finally, she urges the trial court erred in applying statutory criteria under the Texas Family Code.

---

[2] This Court has issued three opinions dismissing Griffin's appeal based on lack of timeliness in filing a notice of appeal, which were later withdrawn. *See Griffin v. Thomas*, No. 08-24-00003-CV, 2024 WL 351427, at *1 (Tex. App.—El Paso Jan. 30, 2024), reh'g granted, opinion withdrawn (May 6, 2024), opinion superseded on reh'g, No. 08-24-00003-CV, 2024 WL 2983907 (Tex. App.—El Paso June 13, 2024), withdrawn and superseded by No. 08-24-00003-CV, 2024 WL 4716256 (Tex. App.—El Paso Nov. 7, 2024, no pet.). On December 27, 2024, we granted Griffin's unopposed motion for rehearing. Having had the opportunity to review the record on appeal, we concluded that Griffin timely invoked our jurisdiction as she filed her notice of appeal within the 15-day grace period after the deadline for filing such notice and she also filed a motion for extension complying with Rule 10.5(b). *See* Tex. R. App. P. 10.5(b), 26.3(a), (b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

[3] Thomas did not file a brief in response.

## III. Briefing Standards

As a preliminary matter, we first recognize that Griffin is self-represented on appeal and we must construe her brief liberally, and with patience. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). Even so, the law is well-settled that a self-represented party must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). These requirements include proper presentation of a case on appeal as similarly required in the trial court. *Id.* Courts may not grant allowances to self-represented parties on that ground alone. *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex. App.—El Paso 2021, no pet.). If we could, a self-represented litigant would receive an unfair advantage over parties represented by counsel. *Id.* The Supreme Court of Texas has noted that, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Thus, under Texas law, a self-represented litigant is held to the same standards as a licensed attorney and must comply with all applicable laws and rules of procedure. *In Interest of M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.); *see also Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied).

As relevant, the Texas Rules of Appellate Procedure require adequate briefing, which includes the making of clear and concise arguments for contentions raised using appropriate citations to authorities and to the record. *See ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 880–81 (Tex. 2010) (citing Tex. R. App. P. 38.1(i)). Generally, substantial compliance is considered sufficient to preserve error on appeal. *See* Tex. R. App. P. 38.9. Even so, these requirements are not satisfied by a mere uttering of brief, conclusory statements unsupported by

5

citations to legal authority or to the appellate record. *Jonson*, 642 S.W.3d at 194; *see also* Tex. R. App. P. 38.1(i).

With these principles in mind, we address Griffin's several issues. Although Griffin listed six issues, her argument section in fact contains only five subsections.

## IV. DUE PROCESS VIOLATION

In her first issue, Griffin asserts she was excluded from a final hearing held on April 28, 2023, when the trial court placed her in a virtual breakout room and "never returned." She argues she was denied a meaningful opportunity to be heard in violation of the Texas Constitution and the Fourteenth Amendment. *See* U.S. Const. Amend. XIV; Tex. Const. art. I, § 19.

In addition to failing to cite to authorities other than general principles of law, Griffin fails to cite to anywhere in the record evidencing she was excluded from a final hearing. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Our record contains the transcripts from four different hearings. First, a hearing was held on August 14, 2023, via Zoom, which was originally set as a final hearing. Thomas, his attorney, and Griffin's attorney were all present, but Griffin did not attend. Griffin's attorney notified the trial court that Griffin was in the hospital and also notified the court that he intended to file a motion to withdraw from representation. The trial court reset the final hearing for September 8, 2023, and issued a show cause order requiring Griffin to provide HIPAA protected records verifying her hospitalization at the time of the setting. It was also at this hearing that the trial court indicated it would sign an order terminating Thomas's child support obligation because the child had aged out and, even though Griffin had alleged a disability, no evidence had been heard in support of that claim. Next, our record contains a hearing on a motion to withdraw counsel on August 24, 2023, via Zoom, where Griffin's attorney was permitted

to withdraw. Griffin did not appear. Her counsel represented he had provided her with notice of the hearing by email only, explaining he had no other address. He mentioned Griffin had provided him with proof of her hospitalization on the day of the last hearing but he did not admit any record into evidence. Next, we have the transcript of the previously scheduled September 8 hearing where Griffin's motion for continuance was granted to give her time to get an attorney. The trial court admonished Griffin that the hearing would be held on September 14, whether Griffin showed up or not. Finally, we have the transcript from the final hearing on September 14, 2023, where evidence was heard and the divorce was granted.

Complicating our review, our record includes no transcript from a hearing on April 28, 2023.[4] Nonetheless, Griffin did attend the final hearing resulting in the final decree of divorce as evidenced by the transcript of the September 14 hearing. At the final hearing, both Thomas and Griffin testified, and Griffin was permitted to cross-examine Thomas.

Accordingly, because Griffin has failed to show the trial court excluded her from a final hearing, we overrule her first issue.

## V. SPOUSAL SUPPORT AND CHILD SUPPORT

Liberally construing her brief, we combine Griffin's second, fifth, and sixth issues. Griffin seemingly challenges the trial court's denial of her requests for spousal maintenance and child support. She contends that the trial court erred in issuing rulings "without key disability and caregiving documentation due to attorney withdrawal." Further, she asserts evidence was not evaluated by the trial court when it ruled on "maintenance and custody."

---

[4] Although the order terminating child support indicates a hearing was held on April 28, 2023, and August 14, 2023, our record only contains the August 14 hearing. The court reporter for the 383rd District Court filed a notice with this Court in which he stated that there was "no date on docket" for the date of April 28, 2023.

We review a trial court's award of spousal maintenance for an abuse of discretion. *Soto v. Soto*, 656 S.W.3d 767, 769 (Tex. App.—El Paso 2022, no pet.). A trial court is permitted to order maintenance for either spouse when "the spouse seeking maintenance will lack sufficient property, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's minimum reasonable needs" and the maintenance seeking spouse "is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability[.]" Tex. Fam. Code Ann. § 8.051(2)(A). Further, a trial court's order setting or modifying child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curium). The trial court may order child support for a disabled child for an indefinite period. Tex. Fam. Code Ann. § 154.001(a)(4) ("The court may order either or both parents to support a child in the manner specified by the order . . . if the child is disabled as defined in this chapter, for an indefinite period."). For a trial court to order child support under this section, evidence of the follow four factors must be presented for the trial court to consider: (1) any existing or future needs of the adult child directly related to the adult child's mental and physical disability; (2) whether the parent pays for or will pay for the care or supervision of the adult child or provides substantial care and personal supervision of the adult child; (3) the financial resources available to both parents for the support; and (4) any other resources or programs available for the support, care, and supervision of the adult child. Tex. Fam. Code Ann. § 154.306.

In her counterpetition for divorce, Griffin requested spousal maintenance and child support exceeding the child's 18th birthday on the basis he had a mental and physical disability. At the final hearing, when the trial court asked Griffin to outline her requests, she responded with a list of items that included household furniture, half the value of the parties' accounts, and the car in

8

her possession. Additionally, she requested she receive sole custody of the child, to which the trial court responded that the child was 20 years old. She further stated she wanted Thomas to "set aside something" for their son's tuition. At the conclusion of the hearing, the trial court stated that the child subject to the suit had aged out and child support was terminated. The trial court also denied Griffin's request for spousal maintenance. After the trial court ruled, Griffin asked whether the trial court addressed the spousal support request. The trial court responded that it had been denied because it found the prerequisites under the Texas Family Code were not met. Griffin responded asking what requirements were not met "[b]ecause . . . I mean, I'm disabled." The trial court stated it heard no evidence regarding any disability. Griffin stated that she had given "everything" to her attorney and stated she could send whatever the trial court needed. The trial court stated, "I have been presented with certain testimony today. That is the only thing that I can consider in making my decision. So . . . if there was stuff that you had wanted to present, that is not my obligation to . . . ask you those things."

On appeal, Griffin asserts the trial court failed to consider evidence regarding her disability and "caregiving documentation." However, our review of the record shows Griffin failed to present evidence of her disability or need for spousal support during the hearing. Additionally, Griffin did not present, or attempt to present, any evidence regarding the needs of the child or any of the other factors to consider for child support for a child over 18 years old. In fact, the only evidence before the trial court regarding Griffin's disability came from Thomas's testimony where he stated Griffin was not disabled, had never been disabled, that she had a degree, and she was capable of working. Without any controverting evidence, the trial court did not abuse its discretion in finding Griffin did not meet the statutory requirements for each request. *Soto*, 656 S.W.3d at 769; *Worford*, 801 S.W.2d at 109.

Although Griffin attempts to point to evidence of her "disability," "financial limitations," and "full-time care of her disabled child" in her briefing, such arguments are unsupported by the record as evidence was not brought before the trial court. "[W]e may not consider documents in an appendix that are not in the appellate record." *Valley Forge, Inc. v. CK Constr., Inc.*, 677 S.W.3d 127, 131 n.3 (Tex. App.—El Paso 2023, no pet.); *In Interest of L.T.H.*, 502 S.W.3d 338, 342 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Accordingly, we determine the trial court did not abuse its discretion in denying Griffin's request for spousal maintenance and child support. We overrule her second, fifth, and sixth issues.[5]

## VI. DE NOVO HEARING

In her third issue, Griffin contends the trial court erred in failing to act on her written request for a de novo hearing. She maintains the referring court deprived her of an opportunity to challenge findings made by an associate judge pursuant to § 201.015 of the Texas Family Code. Because Griffin's complaint pertains to a final order rendered in the parties' related SAPCR, which was never appealed, it cannot be raised at this juncture in her appeal of the October 17, 2023-divorce decree.

The Attorney General filed an original petition in the SAPCR on February 20, 2020. The case was docketed in the 383rd Judicial District Court under trial cause number 2020DCM1006. After a hearing held on June 18, 2020, the Associate Judge signed a final order that same day. Seven days later, on June 25, 2020, Griffin filed a request for de novo hearing before the referring

---

[5] In Griffin's listed sixth issue, she asserted she was denied meaningful representation when her attorney withdrew, and another attorney was not substituted. Besides the mention of the fact in arguing her evidence was not considered, Griffin does not otherwise mention, develop, or argue this issue. Accordingly, we deny her sixth issue as inadequately briefed.

court.[6] No record of a setting or hearing before the referring court appears in our record. Nevertheless, Griffin did not timely challenge the denial of de novo hearing on direct appeal of the final June 18 SAPCR order. On September 16, 2021, Thomas then filed a petition for dissolution of marriage, which the clerk docketed in the 383rd Judicial District Court under the same cause number as the previous SAPCR as it related to the same parties.

Ordinarily, upon a timely and proper request for a de novo hearing, § 201.015 requires a referring court to hold a de novo hearing no later than the 30th day after the date on which an initial request is filed. Tex. Fam. Code Ann. § 201.015(f). While Griffin rightly points to § 201.015 in support of her complaint of the lack of de novo hearing, she fails to appreciate the distinction between the SAPCR proceeding and the divorce. Although Griffin did submit a de novo hearing request, she did so *not* in her divorce proceeding but in the earlier SAPCR.

No party filed post-judgment motions or a direct appeal of the June 18 SAPCR order within the prescribed time limits. *See* Tex. R. Civ. P. 306a (defining the period of the trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order); Tex. R. App. P. 26.1 (providing notices of appeal are due within 30 days after the judgment is signed unless post judgment motions are filed). Thereafter, when Thomas filed his original petition for divorce, a new proceeding commenced in the trial court regardless of how the case was docketed. *See Kom v. Kom*, No. 08-24-00022-CV, 2025 WL 1057731, at *3–4 (Tex. App.—El Paso Apr. 8, 2025, pet. denied) (mem. op.) (explaining that the family code provides the filing of a divorce action or modification suit, after the rendition of a final order in a SAPCR case, is a wholly new lawsuit).

---

[6] We further note that Griffin's request for de novo hearing was not timely filed as the file-stamp shows it was filed more than three days *after* the date of the June 18 hearing and written order. *See* Tex. Fam. Code Ann. § 201.015(a) ("A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice[.]").

Griffin's failure to appeal the June 18 SAPCR order prevents her from now raising an issue pertaining to that proceeding in this separate appeal. *See generally Interest of H.M.G.*, No. 01-21-00657-CV, 2023 WL 105108, at *2 (Tex. App.—Houston [1st Dist.] Jan. 5, 2023, no pet.) (mem. op.) (addressing the deprivation of a de novo hearing in an appeal from a child support order when the issue was timely appealed); *see also Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (holding that if a final judgment is based on erroneous holdings as to substantive law, it is not void, but merely voidable, and cannot be collaterally attacked). Indeed, Griffin failed to challenge that order by direct appeal, writ of error, or bill of review. Because Griffin presents a point of error against an order that can no longer be appealed, we lack jurisdiction to address her issue and it cannot be raised in this appeal.

Accordingly, her third issue is overruled.

## VII.  MISCELLANEOUS COMPLAINTS

Finally, Griffin asserts the trial court was impartial and unfair when it "expressed intent to block [her] post-judgment remedies." To support her complaint, Griffin points to statements by the trial court where it noted how long the case had been pending, noting the delays of the case, and the need to finish the divorce. Griffin asserts this shows the trial court "expressed the reason . . . for withholding child support was because . . . the case was taking too long." Further, she asserts the trial court retaliated in not only withholding child support but also in terminating child support arrears.

Similar to her other issues, Griffin fails to cite to relevant authority, only citing to general principles of law. For this reason, we overrule her fourth issue as inadequately briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

As a final matter, we note the order terminating ongoing child support terminated Thomas's obligation as of April 28, 2023. However, there is nothing in that order affecting the already confirmed judgment for retroactive child support in the amount of $18,192 as ordered in the order in suit affecting the parent child relationship. Thus, the retroactive support remains in force until fully paid.

## VIII. CONCLUSION

Finding no error, we affirm the final decree of divorce.

GINA M. PALAFOX, Justice

January 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.